T.C. Summary Opinion 2011-19


UNITED STATES TAX COURT


JAMES STEPHEN FENNEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent.


Docket Nos.  5360-09S, 16313-09S,  Filed February 28, 2011.
          16315-09S.


James Stephen Fennel, pro se.

<u>Randall B. Childs</u>, for respondent.


MORRISON, <u>Judge</u>:  These cases were heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.  Pursuant to section 7463(b),
the decisions to be entered are not reviewable by any other
Court, and this opinion shall not be treated as precedent for any
other case.  Unless otherwise indicated, section references are
to the Internal Revenue Code in effect for the years in issue.

James Stephen Fennel worked as a server at Carrabba's Italian Grill in Tallahassee, Florida. For his services to Carrabba's, Fennel was paid $17,049.79 in 2004, $16,978.08 in 2005, and $22,655.73 in 2006. OS Restaurant Services, Inc., reported paying wages to Fennel in these same amounts for 2004, 2005, and 2006.[1] Payment for services is income that must be included in gross income. Sec. 61(a)(1). However, Fennel filed Forms 1040, U.S. Individual Income Tax Return, for the 2004, 2005, and 2006 tax years showing zero taxable wages and zero taxable income. Instead of attaching the Forms W-2, Wage and Tax Statement, issued by OS Restaurant Services, Inc., showing his actual income, Fennel attached Forms 4852, Substitute for Form W-2, Wage and Tax Statement, on which he reported zero wages, tips and other compensation (on line 7a) and zero income tax withheld (on line 7f). Question 9 of the Forms 4852 asked: "How did you determine the amounts on lines 7 and 8 above?" Fennel wrote: "Company provided records and the statutory language behind IRC sections 3401 and 3121 and others". Question 10 of the Forms 4852 asked: "Explain your efforts to obtain Form W-2, Form 1099-R, or Form W-2c, Corrected Wage and Tax Statement." Fennel wrote: "None. Most companies will refuse to issue forms

_____

[1]The Internal Revenue Service (IRS) claims that OS Restaurant Services, Inc., is the parent company of Carrabba's Italian Grill. The relationship of OS Restaurant Services, Inc., to Carrabba's Italian Grill is not important.

correctly listing payments of 'wages as defined in 3401(a) and 3121(a)' for fear of IRS retaliation. However, the amounts listed as withheld on the W-2 it submitted are correct."

The IRS issued notices of deficiency to Fennel. The notices determined, on the basis of his unreported income from Carrabba's, that Fennel had deficiencies of $1,004 in 2004, $951 in 2005, and $1,756 in 2006. The IRS also determined that Fennel was liable for section 6651(a)(1) additions to tax of $251 for 2004, $237.75 for 2005, and $439 for 2006 for failing to file timely tax returns. The IRS also determined that Fennel was liable for section 6662 accuracy-related penalties of $200.80 for 2004, $190.20 for 2005, and $351.20 for 2006. Fennel filed petitions with the Tax Court to redetermine the deficiencies. The Court consolidated the three cases for trial. At the end of trial, the IRS moved for the imposition of a penalty under section 6673.

OPINION

1. Deficiencies in Tax

The first issue for decision is whether Fennel earned and failed to report income of $17,049.79 in 2004, $16,978.08 in 2005, and $22,655.73 in 2006. We find that he did. Fennel admitted that he received payments in these amounts for his services.

2. <u>Additions to Tax for Filing Late Returns</u>

The second issue for decision is whether Fennel is liable for additions to tax pursuant to section 6651(a)(1) of $251 for 2004, $237.75 for 2005, and $439 for 2006. Fennel is a calendar-year taxpayer. Income tax returns made on the basis of a calendar year must be filed on or before April 15 of the following year. Sec. 6072(a). The IRS may extend this deadline by up to 6 months. Sec. 6081(a). Fennel received a 6-month extension of the filing deadline for his 2005 and 2006 returns. None of Fennel's Forms 1040 for 2004, 2005, and 2006 were filed by October 15 of the following year. Fennel's Forms 1040 for 2004 and 2005 were filed on or after August 7, 2007. Fennel's Form 1040 for 2006 was filed on or after November 3, 2007. If a person required to file a return fails to do so timely and such failure is not due to reasonable cause, then the person is required by section 6651(a)(1) to pay an additional 5 percent of the amount of tax required to be shown on the return. An additional 5 percent is added for each additional month that passes without a return's being filed. <u>Id.</u> The maximum amount is 25 percent. <u>Id.</u> Fennel failed to show any reasonable cause for failing to file tax returns on time. He is therefore liable for the additions to tax.

## 3.    Penalties for Inaccurate Returns

The third issue for decision is whether Fennel is liable for penalties pursuant to section 6662(a) of $200.80 for the 2004 tax year, $190.20 for the 2005 tax year, and $351.20 for the 2006 tax year.  Section 6662(a) imposes a penalty "on any portion of an underpayment of tax required to be shown on a return" to which section 6662(a) applies.  Section 6664(b) provides that the penalty applies only if "a return of tax is filed".  Fennel's Forms 1040, filled with zeros, were not valid returns. Therefore, the section 6662 penalty cannot be imposed.  See Turner v. Commissioner, T.C. Memo. 2004-251 (Form 1040 that contained zero entries for every line regarding income was not valid for purposes of imposing the section 6662(a) penalty).

## 4.    Penalty for Frivolous Litigation

The fourth issue for decision is whether Fennel should be penalized under section 6673.  Section 6673(a)(1) authorizes the Tax Court to impose a penalty of up to $25,000 if the taxpayer instituted the proceedings primarily for delay or if the taxpayer's position is frivolous or groundless.  Fennel's main argument, which is that he is not subject to tax on his wage income because "OS Restaurant Services, Inc. is a private corporation organized under the laws of Delaware and has no connection with the United States government, its territories, or possessions", is frivolous.  In addition, we believe that these

proceedings were instituted for delay, not to resolve a genuine dispute. Although we held that Fennel was not liable for the section 6662 penalty, we did so only because we found the Forms 1040 he filed to be so frivolous as to not be valid returns. We shall impose a $750 penalty under section 6673 in each case.

To reflect the foregoing,

<u>Appropriate orders and</u>

<u>decisions will be entered</u>.